**Edward Charles CLEVELAND, By and Through the Conservator of his Estate, Kathleen CLEVELAND; and Kathleen Cleveland, Individually, Plaintiffs–Appellants and Cross–Appellees,**

v.

**PIPER AIRCRAFT CORPORATION, a corporation, Defendant–Appellee and Cross–Appellant.**

Nos. 86–2112, 86–2265.

United States Court of Appeals, Tenth Circuit.

March 16, 1990.

Before SEYMOUR and EBEL, Circuit Judges, and RUSSELL, District Judge.*

### ORDER ON PETITION FOR REHEARING

DAVID L. RUSSELL, District Judge.

Appellant and cross-appellee Edward Charles Cleveland has filed a petition for rehearing and a suggestion for rehearing *en banc.* Cross-appellee has filed a bill of costs. Appellee and cross-appellant Piper Aircraft Corporation has filed an objection to the bill of costs and has filed a motion for leave to file its own bill of costs.

ommendations. *See Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir.1987).

* Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

The motion for rehearing is denied pursuant to 10th Cir.R. 40.1 and for the reasons stated below. Assuming that the findings in the special verdict may be understood to have determined, *inter alia,* that the negligence of each of the original tortfeasors was a proximate cause of all of Plaintiff's injuries, *see* Questions Nos. 2, 5 and 7A of the special verdict, set forth in full at footnote 2 of this Court's opinion filed November 15, 1989, *see Cleveland v. Piper Aircraft Corp.,* 890 F.2d 1540, 1543 n. 2 (10th Cir.1989), entry of judgment on the "design negligence claim" was error.[1] Question 7A did not permit the jury to compare the negligence of each original tortfeasor with the negligence of each crashworthiness tortfeasor inasmuch as Plaintiff Edward Charles Cleveland and Defendant Piper Aircraft Corporation were not the only potential crashworthiness tortfeasors. There was evidence from which the jury could have found that certain non-parties were crashworthiness tortfeasors whose negligence caused Plaintiff's injuries. Question 7A of the special verdict did not permit the jury to compare the negligence of *these* alleged crashworthiness tortfeasors to the negligence of those who were either original tortfeasors (Robert Mudd) or both original and crashworthiness tortfeasors (Plaintiff and Defendant). Defendant objected to the special verdict form on the ground that the verdict form did not allow the jury to consider these non-parties as crashworthiness tortfeasors. On Defendant's cross appeal, we agreed that the trial court should have permitted the jury to assess in the special verdict these crashworthiness tortfeasors' negligence, which, coupled with our conclusion that New Mexico law requires that the negligence of original and crashworthiness tortfeasors be compared, *see Cleveland v. Piper Aircraft Corp.,* 890 F.2d at 1546 & 1551, prohibited our affirmance of the district court's judgment, as appellant/cross-appellee *now* urges is proper. *See id.* at 1545–46. ("If the verdict answers are reconcilable but not in a manner warranting entry of judgment on the crashworthiness design claim, the judgment must be affirmed unless other errors preclude affirmance; [i]f the verdict answers are reconcilable in a manner warranting entry of judgment on the crashworthiness design negligence claim, but the special verdict form did not, for example, permit the jury to compare the negligence of all those whose negligence may have caused or contributed in causing injuries Plaintiff received in the "second collision" or as a result of the lack of a rear seat shoulder harness, then we must vacate the judgment and remand this case to the district court for a new trial.")

In his combined reply and cross-appeal answer brief on appeal, appellant and

---

1. On appeal, appellant urged that the district court erred in entering judgment on the "design negligence claim" rather than on the "crashworthiness design negligence claim." In the petition for rehearing, appellant and cross-appellee urges, *inter alia,* that this Court affirm the judgment on the "design negligence claim," or direct that judgment be entered on that claim in the amount of $1,666,250.00 by adding the percentages of comparative negligence attributed to Piper Aircraft Corporation on both the "design negligence" and "crashworthiness design negligence" claims, *see* Questions 7A & 7B of special verdict, dividing by two and multiplying that percent times the total amount of plaintiff's damages found by the jury in Question No. 6.

Since the jury found that 100% of Plaintiff's injuries were attributable to crashworthiness, in effect appellant cross-appellee seeks affirmance of the judgment based upon a comparison of the negligence of the original tortfeasors, only, *as if* that constituted a comparison of their negligence to that of crashworthiness tortfeasors *on the crashworthiness design negligence claim.*

This necessarily assumes that there were no other crashworthiness tortfeasors than those included in the special verdict form, *see* Question No. 7A, as original tortfeasors. Recognizing that comparing the negligence of those who caused or contributed in causing the accident, even if they are or include the same persons or entities whose negligence caused or contributed to causing crashworthiness injuries, may not be the same as comparing the negligence of all persons or entitles who caused or contributed in causing the crashworthiness injuries, either because they were original tortfeasors or crashworthiness tortfeasors, appellant and cross-appellee then urges an "add and divide formula" to attempt to approximate a comparison of the negligence of both original and crashworthiness tortfeasors in causing Plaintiff's crashworthiness injuries which the jury never made. Moreover, again the appellant and cross-appellee ignores that fact that there were other potential crashworthiness tortfeasors whose comparative negligence this "formula" does not account for.

cross-appellee suggested that any doubt concerning the irrelevance of the cause of the accident or the original tortfeasors' negligence to the cause of crashworthiness injuries should be resolved by certifying the "issue" to the New Mexico Supreme Court. In his petition for rehearing, appellant/cross-appellee again requests that the Court certify to the New Mexico Supreme Court "the issue of the original tortfeasors' legal responsibility for the victim's crashworthiness injuries," Petition for Rehearing at p. 12, because "[n]o New Mexico precedent exists as to the central issue raised by Mr. Cleveland's appeal." Although there are no decisions of the New Mexico Supreme Court or the New Mexico Court of Appeals addressing the specific issue of whether the negligence of original tortfeasors must be compared to the negligence of crashworthiness tortfeasors in a crashworthiness case, there is precedent in the decisions of the New Mexico Court of Appeals on proximate cause and the relationship between a tortfeasor whose negligence produces an initial injury and another tortfeasor whose negligence aggravates or enhances the original injury and in the decisions of both that court and the New Mexico Supreme Court on the application of comparative negligence, cited in the Court's opinion, 890 F.2d at 1549–51, which is controlling and which resolves the issue for which appellant and cross-appellee sought and seeks certification to the New Mexico Supreme Court pursuant to N.M. Stat.Ann. § 34–2–8 (1978).

Section 1 D of 1987 New Mexico Laws ch. 141, codified at N.M.Stat.Ann. § 41–3A–1(D) (Repl.Pamp.1989), is applicable only to cases filed after July 1, 1987, which does not include this case. Appellant and cross-appellee cites no authority for his assertion that this section merely clarifies existing New Mexico law and the Court does not agree that that is the case. In any event the jury in this case implicitly found that Plaintiff Edward Charles Cleveland suffered no distinct injuries or harm solely as a result of the original tortfeasors' negligence, *see* Question No. 5 of the special verdict, and the evidence was uncontroverted that Plaintiff would have suffered no injuries as a result of the collision, absent crashworthiness negligence *see* 890 F.2d at 1557, but suffered only one harm for which, under New Mexico law of proximate cause, which this section was not intended to change, *see* N.M.Stat.Ann. § 41–3A–1(G) (Repl.Pamp.1989), both the original and crashworthiness tortfeasors may be legally responsible, requiring a comparison of their negligence *inter se.*

The suggestion for rehearing *en banc* is also denied pursuant to F.R.App.P. 35(a) & (b).

Cross-appellee's bill of costs is denied and appellee and cross-appellant's motion for leave to file its bill of costs is denied, the judgment of the trial court having been vacated and neither party having completely prevailed in the cross-appeals. *See* F.R. App.P. 39(a).